UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

MARCEL T. JACKSON,

        Petitioner,

v.                                        Case No. 20-cv-1217-pp

SHERIFF EARNELL R. LUCAS,

        Respondent.

---

**ORDER DENYING PETITIONER'S MOTION FOR DEFAULT JUDGMENT (DKT. NO. 4), DENYING *HABEAS* PETITION (DKT. NO. 1) AND DISMISSING CASE WITHOUT PREJUDICE**

---

On August 10, 2020, the petitioner, representing himself, filed a petition for writ of *habeas corpus* under 28 U.S.C. §2241 challenging his pretrial detention in Milwaukee County Jail on charges of possession of child pornography, first-degree sexual assault of a child, and sexual exploitation of a child.[1] Dkt. No. 1. He paid the $5.00 filing fee. About five weeks later, the petitioner filed a motion for default judgment. Dkt. No. 4. The petitioner is not eligible for *habeas* relief or default judgment, and the court will dismiss the petition.

---

[1] The court notes that on September 29, 2020, the petitioner filed a subsequent *habeas corpus* petition under 28 U.S.C. §2241 challenging his pre-trial detention for the same state court criminal charges as the instant petition, Case No. 20-cv-1514-pp (E.D. Wis.). The court will address that petition in a separate order.

1

## I. Background

The petition refers to two ongoing cases in Milwaukee County Circuit Court: "20CF000532" and "20CF001975." Dkt. No. 1 at 4. The court has reviewed the publicly available docket for both cases. See State v. Jackson, Milwaukee County Case Nos. 20CF000532, 20CF001975 (available at https://wcca.wicourts.gov). The docket in Case No. 20CF000532 shows that on February 4, 2020, the District Attorney's Office filed a complaint against the petitioner. Id. As of October 13, 2020, five charges of possession of child pornography remain pending, with a final pretrial conference scheduled for December 1, 2020 and a jury trial scheduled for December 14, 2020. Id. The docket in Case No. 20CF001975 reveals that the complaint in that case was filed on May 27, 2020. Id. As of October 13, 2020, four counts of first-degree sexual assault of a child, four counts of child sexual exploitation, and four counts of possession of child pornography are pending against the petitioner, with the same final pretrial and trial dates as are scheduled in Case No. 20CF532. Id. Both dockets show that as of October 13, 2020, the petitioner remains in custody pending trial. Id.

## II. Rule 4 Screening

### A. Standard

Under Rule 1(b) of the Rules Governing 2254 Cases and Civil Local Rule 9(a)(2) (E.D. Wis.), the court applies the Rules Governing Section 2254 Cases to petitions for a writ of *habeas corpus* under 28 U.S.C. § 2241. Chagala v. Beth, No. 15-CV-531, 2015 WL 2345613, at *1 (E.D. Wis. May 15, 2015). Those rules

2

require the court to review, or "screen" the petition. Rule 4 of the Rules Governing Section 2254 Cases states:

> If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner. If the petition is not dismissed, the judge must order the respondent to file an answer, motion, or other response within a fixed time, or to take other action the judge may order.

"The appropriate vehicle for a state pre-trial detainee to challenge his detention is §2241." Jackson v. Clements, 796 F.3d 841, 843 (7th Cir. 2015). While §2241 allows a pretrial detainee to petition for *habeas* relief, abstention doctrine limits the ability of a federal court to interfere with pending state criminal prosecutions absent special circumstances. See, e.g., Olsson v. O'Malley, 352 F. App'x 92, 94 (7th Cir. 2009) (citing Younger v. Harris, 401 U.S. 37, 43-45 (1971)).

Exceptional circumstances exist where irreparable damage would occur, such as claims of prosecutorial harassment and prosecutions brought in bad faith. Younger, 401 U.S. at 49. Relief is generally available only after the petitioner has exhausted state-court remedies. Olsson v. Curran, 328 F. App'x 334, 335 (7th Cir. 2009). Exceptional circumstances do not exist when the threatened injury "is solely 'that incidental to every criminal proceeding brought lawfully and in good faith.'" Id. (citing Douglas v. City of Jeannette, 319 U.S. 157, 164 (1943)).

B.    The Petition

The petition asserts five grounds for relief: (1) that Detective Lips had no probable cause and that the allegations against the petitioner were false, dkt.

3

no. 1 at 10; (2) that the petitioner's arrest was "completely bogus/illegal" and violated the Constitution and police department procedure, id. at 10-11; (3) that the petitioner's property/the evidence was illegally seized and tampered with, id. at 11-12; (4) that the victims all invalidate the allegations, id. at 12; and (5) that the petitioner is being subjected to cruel and unusual punishment because his physical and mental health are at risk as a result of COVID-19. Id. at 13.

C. Analysis

The court must dismiss the petition for several reasons. First, the state-court criminal proceedings in both cases are ongoing. The petitioner still has what the U.S. Supreme Court has characterized as "an acute, live controversy with the State and its prosecutor." Younger, 401 U.S. at 41.

> "Ex parte Young, 209 U.S. 123 . . . , and following cases have established the doctrine that, when absolutely necessary for protection of constitutional rights, courts of the United States have power to enjoin state officers from instituting criminal actions. But this may not be done, except under extraordinary circumstances, where the danger of irreparable loss is both great and immediate. Ordinarily, there should be no interference with such officers; primarily, they are charged with the duty of prosecuting offenders against the laws of the state, and must decide when and how this is to be done. The accused should first set up and rely upon his defense in the state courts . . . ."

Id. at 45 (quoting Fenner v. Boykin, 271 U.S. 240, 243-44 (1926)).

This federal court cannot interfere with the ongoing state criminal proceedings. The petitioner has not cited extraordinary circumstances. He has the ability to address his concerns in state court—he may file a motion to suppress evidence or quash his arrest in state court, he may challenge the

4

sufficiency of the evidence by having a jury trial and he may seek release from custody from the state-court judge.

Second, and related, the petitioner's *habeas* petition is premature. "A federal court will not hear a state prisoner's habeas claim unless the prisoner has first exhausted his state remedies by presenting the claim to the state courts for one full round of review." Crutchfield v. Dennison, 910 F.3d 968, 972 (7th Cir. 2018) (citing Davila v. Davis, ___ U.S. ___, 137 S. Ct. 2058, 2064 (2017)). The petitioner has not had all his claims determined by the trial court. He has not presented his claims to the court of appeals or sought review of the court of appeals' decision in the Wisconsin Supreme Court. The petitioner has not, therefore, exhausted his state remedies, which is required before seeking *habeas* relief in federal court.

Third, the petitioner seeks relief under 28 U.S.C. §2241. Dkt. No. 1. While §2241 is the appropriate statute for a pretrial detainee to use to challenge the *fact* of his confinement, it is *not* the appropriate statute for him to use to challenge the *conditions* of his confinement (his argument that his confinement during the pandemic constitutes cruel and unusual punishment). See Debruzzi v. Williams, Nos. 3:20-cv-00481-SMY, 3:20-cv-00596-SMY, 3:20-cv-00783-SMY, 2020 WL 5110714, at *2 (S.D. Ill. Aug. 31, 2020) (citing Preiser v. Rodriguez, 411 U.S. 475, 490 (1973); Waletzki v. Keohane, 13 F.3d 1079, 1080 (7th Cir. 1994); Glaus v. Anderson, 408 F.3d 382, 386-87 (7th Cir. 2005)). A prisoner who wishes to challenge the conditions of confinement must

do so under 42 U.S.C. §1983. Id. (citing Pischke v. Litscher, 178 F.3d 497, 500 (7th Cir. 1999)).

### III. Motion for Default Judgment (Dkt. No. 4)

On September 21, 2020, the petitioner filed a motion for default judgment, asserting that the respondent had failed to timely respond to the petition. Dkt. No. 4. He asserted that under 28 U.S.C. §2243, "the allocated time available has been exceeded" and that "all applicable time allowances have been surpassed." Id. He claimed that he had filed his petition on August 10, 2020 and that "[t]he 21 days allocated for response ended 8/31/20." Id.

The petitioner is not entitled to default judgment. Section 2243 requires the court to direct the respondent to show cause why the writ should not be granted. The court has not yet done that. Thus, no deadlines have expired. The reason the court has not yet directed the respondent to respond is that, until now, the court had not screened the petition, which is required by Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts (which also apply in cases filed under 28 U.S.C. §2241).

Regardless, the motion is moot. The court will deny the motion for default judgment.

### IV. Conclusion

The court **DENIES** the petition for writ of *habeas corpus* under 28 U.S.C. §2241. Dkt. No. 1.

The court **DENIES** the petitioner's motion for default judgment. Dkt. No. 4.

6

The court **ORDERS** that this case is **DISMISSED WITHOUT PREJUDICE**.

This order and the judgment to follow are final. A dissatisfied party may appeal this court's decision to the Court of Appeals for the Seventh Circuit by filing in this court a notice of appeal within 30 days of the entry of judgment. See Fed. R. of App. P. 3, 4. This court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the 30-day deadline. See Fed. R. App. P. 4(a)(5)(A).

Under limited circumstances, a party may ask this court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Federal Rule of Civil Procedure 59(e) must be filed within 28 days of the entry of judgment. The court cannot extend this deadline. See Fed. R. Civ P. 6(b)(2). Any motion under Federal Rule of Civil Procedure 60(b) must be filed within a reasonable time, generally no more than one year after the entry of the judgment. The court cannot extend this deadline. See Fed. R. Civ. P. 6(b)(2).

The court expects parties to closely review all applicable rules and determine, what, if any, further action is appropriate in a case.

Dated in Milwaukee, Wisconsin this 14th day of October, 2020.

**BY THE COURT:**

_____
**HON. PAMELA PEPPER**
**Chief United States District Judge**